IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAMIRO CERVANTES, #R-44942,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 16-cv-00754-NJR** |
| ) | |
| **WEXFORD HEALTH SERVICES,** ) | |
| **CHRISTINE BROWN, SHELLY SHIPLEY,** ) | |
| **JOHN R. BALDWIN, VIPIN SHAH,** ) | |
| **ANGEL RECTOR, DR. SCOTT, NURSE GAIL,** ) | |
| **NURSE BECKEY, NURSE LaDONNA,** ) | |
| **NURSE DONNA, NURSE MARSHA HILL,** ) | |
| **THOMAS A. SPILLER, AMY FLOWERS,** ) | |
| **BRITTNEY, LAURA, MS. KIM,** ) | |
| **and MS. NANCY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is now before the Court for a preliminary review of Plaintiff Ramiro Cervantes's complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon review of the complaint, the Court finds that Cervantes has not provided enough information for the Court to commence with an adequate review, and thus the complaint will be dismissed with an opportunity to amend.

In his two-page complaint, Cervantes makes numerous broad allegations about the status of his medical care at Pinckneyville, alleging that, among other things, grievances are frequently discarded, medications are denied, medical records are falsified, and treatments are denied based on cost (Doc. 1 at 4, 15). Cervantes makes two specific allegations regarding harm or pain he has suffered: (1) that he has contracted urinary tract infections because he is not provided with new catheters; and (2) that he has fallen on the ground due to a medical lift malfunctioning (*Id*). He does not name specific defendants in connection with these two harms (*Id.*). In addition to the brief written statement of his claim, Cervantes appended a handful of grievances and news articles to his complaint, purporting to support his allegations of insufficient medical care (Doc. 1 at 7-14, 17-21). In connection with his claims, Cervantes seeks monetary compensation (Doc. 1 at 21).

## DISCUSSION

Throughout the complaint, Cervantes fails to allege any facts or state any claim explicitly linking the named defendants to the two harms he identifies. He also fails to associate specific defendants with the broader legal theories he asserts. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th

Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1014 (7th Cir. 2000) (notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery).

According to the Supreme Court, the threshold pleading requirement of Federal Rule of Civil Procedure 8 requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) Motion to Dismiss for failure to state a claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955). (clarifying that a "heightened fact pleading of specifics" is not required) (emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 555 (alteration in original). A plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id*. Thus, the Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell*, 550 U.S. at 573). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Cervantes's complaint contains minimal factual information with regard to two potential instances of deliberate indifference to his medical needs, and he presents many bare legal theories without any factual support whatsoever. None of the named defendants is tied to any of these claims or theories with particularity. As a general rule, Section 1983 creates a cause of action based on personal liability, so to plead a claim under Section 1983, a plaintiff must identify actions by an individual that violate his constitutional rights. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation"). Though Plaintiff *may* be able to tie specific defendants to specific conduct that caused him harm, he simply has not done so in his initial complaint as drafted. Accordingly, Cervantes's complaint is subject to dismissal.

Rather than dismiss the entire action, however, the Court will allow Cervantes an opportunity to correct the deficiencies through an amended complaint. In drafting his amended complaint, should he choose to do so, Cervantes should avoid using conclusory language and vague allegations of fact. Rather, he should follow the instructions on the Court's complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated. While Cervantes may attach exhibits to his complaint, he may not rely on exhibits alone to satisfy his obligations; instead, he must include sufficient factual detail in his actual complaint so that defendants can respond.

Accordingly, as pleaded, Cervantes has failed to state a viable claim against any named defendant, and the complaint is **DISMISSED without prejudice**. Cervantes is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY FIVE DAYS** of the date of entry of this Order (on or before **September 26, 2016**).

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file an amended complaint, this case will be closed for failure to state a claim upon which relief can be granted, and Plaintiff will be assessed a strike pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that ruling on Cervantes's Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) shall be deferred. The Court will appropriately address these motions at a later date if and when Cervantes files an amended complaint and that complaint undergoes threshold screening pursuant to § 1915A.

Finally, Cervantes is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: August 22, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**