IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RAMIRO CERVANTES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:16-cv-754-NJR-DGW |
| WEXFORD HEALTH SOURCE, INC., CHRISTINE BROWN, DR. VIPIN SHAH, and PINCKNEYVILLE CORRECTIONAL CENTER, | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Third Motion to Amend the Complaint filed by Plaintiff, Ramiro Cervantes, on November 13, 2017 (Doc. 62) and the Motion for Scheduling Order filed by Plaintiff on February 6, 2018 (Doc. 76). For the reasons set forth below, the motions are **GRANTED IN PART**.

BACKGROUND

On July 6, 2016, Plaintiff, while proceeding *pro se*, filed a complaint against numerous individuals (Doc. 1). That complaint was dismissed and he filed an amended complaint on October 6, 2016 (Doc. 10). When the matter was screened pursuant to 28 U.S.C. § 1915A, he was permitted to proceed on the following claims:

> **Count 4:** Eighth Amendment deliberate indifference claim against Defendant Brown for failing to adequately address Cervantes's wrist pain and his need for a catheter change;
>
> **Count 5:** Eighth Amendment failure to treat claim against Defendant Dr. Shah for failing to provide adequate treatment of Cervantes's wrist injury in April 2015.

(Doc. 14).

Shortly thereafter, counsel was recruited for Plaintiff (Doc. 18) and a Scheduling Order (Doc. 34) was entered that set a June 16, 2017 deadline for motions to amend. On June 28, 2017, Plaintiff was granted leave to file his second amended complaint and was directed to file it forthwith (Doc. 39). Plaintiff filed his second amended complaint on September 22, 2017 (Doc. 51). In that pleading, Plaintiff alleged that Christine Brown, Dr. Vipin Shah, the Pinckneyville Correctional Center, and Wexford Health Sources, Inc., failed to timely provide necessary medical items (adult diapers and catheters) and daily baths in violation of the Eighth Amendment. After a status conference was held on October 25, 2017, Plaintiff was directed to file the pending motion to amend the complaint (Doc. 58). Only one Defendant, Christine Brown, has filed a response to the motion (Doc. 68).

In his proposed third amended complaint (which is more robust than the 3 page second amended complaint), Plaintiff seeks to add a variety of claims related to his original claim, namely that Defendants were failing to provide adequate medical care for his ailments. Plaintiff also seeks to add claims that Defendants were failing to accommodate his disability, which requires him to use a wheelchair, and that there was an unconstitutional policy or practice to deny him adequate medical care. Thus, Plaintiff seeks to proceed on a deliberate indifference claim against Brown, Shah, Wexford Health Sources, Inc., and the Illinois Department of Corrections (IDOC). Plaintiff also seeks to add claims pursuant to the Rehabilitation Act and the Americans with Disabilities Act against Brown and the IDOC.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or

where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). When, as in this matter, a motion to amend is filed after the deadline to amend pleadings, Plaintiff must first demonstrate that good cause exists for extending that deadline, as required by Federal Rule of Civil Procedure 16(b)(4). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011). Based on the record before the Court, it appears that Plaintiff has been diligent in pursuing his additional claims, the breadth of which came to full light after his deposition on October 11, 2017. *See Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005).

Defendant Brown makes a number of arguments against amendment, only one of which is convincing. In stating claims pursuant to the ADA and the Rehabilitation Act, it is redundant to include both the IDOC and Brown as Defendants. The ADA and Rehabilitation Act prohibit discrimination against qualified individuals because of their physical or mental disability, including a failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012). Plaintiff alleges that he is such a person with a disability and that the ADA and RA are applicable to the state prison because it receives federal funds. *See Jackson v. City of Chicago*, 414 F.3d 806, 810 n.2 (7th Cir. 2005), *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). Therefore, the two statutory schemes may be applicable to this situation. However, the only proper Defendant is the state agency or the appropriate state official acting in his or her official capacity. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Jaros*, 684 F.3d at 670. As such, this claim shall proceed against the IDOC only. With this caveat, Plaintiff's Motion is **GRANTED** and he shall file his Third Amended Complaint by May 18, 2018. Counsel shall ensure that service of process is timely made upon Defendant IDOC. Defendants shall file responsive pleadings is provided by Rule 15(a)(3).

In light of this finding, Plaintiff's motion for a new schedule is **GRANTED IN PART**. This matter is hereby set for a telephonic status conference on **May 22, 2018 at 3:00 p.m.** Defendant (IDOC) to initiate the phone conference. Parties shall be prepared to discuss the schedule in this matter.

**DATED: May 14, 2018**

*/s/ Donald G. Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**