IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RAMIRO CERVANTES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 16-CV-754-NJR-DGW |
| WEXFORD HEALTH SOURCE, INC. CHRISTINE BROWN, VIPIN SHAH, and PINCKNEYVILLE CORRECTIONAL CENTER, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 105). Judge Wilkerson recommends that Defendants' motions for summary judgment be denied without prejudice, that Plaintiff Ramiro Cervantes's motion to defer ruling on the motions for summary judgment (Doc. 85) be denied as moot, and that Cervantes be granted leave to file a third amended complaint. Defendants filed objections to the Report and Recommendation (Doc. 106), to which Cervantes filed a response (Doc. 109).

Also before the Court is Defendant Vipin Shah's motion to continue the trial setting (Doc. 110). Trial is scheduled to begin on January 8, 2019, but Dr. Shah will be out of the country (*Id.*). Cervantes responded to the motion, agreeing that trial should be continued but for reasons other than Dr. Shah's travel plans (Doc. 111).

For the reasons explained below, the Report and Recommendation is adopted in its entirety, and Dr. Shah's motion is denied as moot.

## BACKGROUND

Plaintiff Ramiro Cervantes is a wheelchair-bound paraplegic who is unable to read and write in English, and he initiated this lawsuit with the help of a fellow inmate (Doc. 9; Doc. 18; Doc. 109). After it was determined that Cervantes's complaint survived threshold review under 28 U.S.C. § 1915A, attorney Michael Cascino was recruited to represent him (Doc. 18). A scheduling order was then entered in February 2017 (Doc. 34). The deadline for discovery was February 16, 2018, and the deadline for dispositive motions was March 16, 2018 (Doc. 34).

Four months after the scheduling order was entered, Cervantes was given leave to file a second amended complaint, adding new parties to the action (Doc. 39). Several months later, the parties discussed a third potential amendment to the complaint with Judge Wilkerson, and Mr. Cascino filed a motion seeking leave to amend on November 13, 2017 (Docs. 57, 58, 62). The third amended complaint sought to provide greater detail about Cervantes's pending Eighth Amendment claims, and it also sought to add new claims for violations of the Rehabilitation Act and the Americans with Disabilities Act. On February 6, 2018—ten days before the discovery deadline and while the motion to amend remained pending—Mr. Cascino filed a motion for "a new scheduling order," due in large part to discovery that remained outstanding (Doc. 76). This motion cannot be reasonably construed as anything other than a motion to continue the discovery deadline.

Unfortunately, Judge Wilkerson did not rule on either of Cervantes's motions before the discovery deadline or the dispositive motion deadline. Despite Cervantes's

outstanding motions, Defendants nevertheless filed their motions for summary judgment on the merits of Cervantes's claims on March 16, 2018 (Docs. 81, 83). Cervantes responded by asking the Court to defer consideration of the motion for summary judgment and for additional time to complete discovery (Doc. 85).

On May 14, 2018, Judge Wilkerson granted Cervantes's motion to amend and instructed Cervantes to file his third amended complaint by May 18, 2018 (Doc. 90). However, Mr. Cascino did not file the amended complaint by the deadline. It turns out Mr. Cascino had significant, ongoing health issues that prevented him from fully representing his client (Doc. 95). At a status hearing with Judge Wilkerson on July 27, 2018, Mr. Cascino stated that he could no longer represent Cervantes in light of his medical condition (Docs. 95, 97). He was permitted to withdraw, and a new attorney was recruited for Cervantes (Docs. 99, 100).

Judge Wilkerson then entered the Report and Recommendation that is presently before the Court. In light of "Plaintiff's apparent inability to represent himself in these proceedings, his absolute reliance on counsel to advocate on his behalf, his former counsel's inability to litigate this matter, and in the interests of fundamental fairness," Judge Wilkerson recommended that Defendants' pending motions for summary judgment (Docs. 81, 83) be denied without prejudice and Cervantes's motion to defer ruling on the motions for summary judgment (Doc. 85) be denied as moot. He further recommended that Cervantes be given time to file his third amended complaint with the caveat that Cervantes's new counsel cannot make any substantive changes to the proposed amended complaint received by Mr. Cascino (*see* Doc. 62-2).

Defendants object to Judge Wilkerson's recommendations (Docs. 106, 108). They cite to various errors and omissions by Mr. Cascino and various deadlines that he blew (Doc. 106, pp. 1–3), presumably as reasons why Cervantes should not be permitted to conduct any further discovery or amend his complaint. Defendants also claim that they have exposed their strategy and argument in this case by filing their motions for summary judgment, and thus allowing Cervantes to file a third amended complaint at this late juncture would give him an unfair advantage in this litigation (Doc. 106).[1]

## DISCUSSION

Because timely objections were filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citation omitted); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

---

[1] Defendants also argue the claims that Cervantes seeks to add are unrelated to his deliberate indifference claims and should be pursued in a separate lawsuit (Doc. 106). But this argument was already rejected by Judge Wilkerson in his Order dated May 14, 2018, granting Cervantes leave to file a third amended complaint (*see* Doc. 90). Defendants did not appeal Judge Wilkerson's decision to the undersigned. *See* 28 U.S.C. § 636(b)(1)(A), SDIL-LR 73.1(a). Because this argument could and should have been raised previously but was not, the Court need not consider it now.

None of Defendants' objections to the Report and Recommendation are persuasive. Mr. Cascino sought leave to file a third amended complaint to add new claims well in advance of the discovery and dispositive motion deadlines. He also sought to continue the discovery deadline before it expired (Doc. 76). While it would have been ideal for Judge Wilkerson to rule on these motions (or provide some kind of direction to the parties) prior to the expiration of the discovery and dispositive motion deadlines, he was unable to do so. *See, e.g., United States v. Winbush*, 580 F.3d 503, 508 (7th Cir. 2009) ("To say that our trial courts are busy would be an understatement; we have frequently used the term 'overburdened.'" (quoting *United States v. Stokes,* 211 F.3d 1039, 1042 (7th Cir. 2000))). Given the nature of Cervantes's outstanding motions, it would have been prudent for Defendants to, for example, file a motion to stay or continue the dispositive motion deadline until after Judge Wilkerson had ruled on Cervantes's motions. Instead, Defendants made the strategic choice to file their motions for summary judgment anyway. Defendants' decision, along with delays on the Court's part, and the health issues of Cervantes's former counsel have muddied the procedural waters to say the least. The undersigned fully agrees with Judge Wilkerson that Cervantes should not be penalized for the mess, and fundamental fairness requires the Court to backtrack and give Cervantes another opportunity to file his third amended complaint.

Consequently, Magistrate Judge Donald Wilkerson's Report and Recommendation (Doc. 105) is **ADOPTED.** Defendants' motions for summary judgment (Docs. 81, 83) are **DENIED without prejudice.** Cervantes's motion to defer ruling on the motions for summary judgment (Doc. 85) is **DENIED as moot.** Cervantes's counsel is **ORDERED** to file the third amended complaint on or before **November 23, 2018**. The

third amended complaint **SHALL** be substantively similar to the proposed amended complaint received by Mr. Cascino (*see* Doc. 62-2). If Cervantes's counsel wishes to add any new claims or new Defendants aside from those contained in the proposed amended complaint drafted by Mr. Cascino, counsel must first file a motion for leave to amend under Rule 15. Any such motion must be filed on or before **November 23, 2018**.

Once the third amended complaint is filed (or if Cervantes fails to file the third amended complaint), a status hearing will be set to determine the schedule for how this case shall proceed. In light of these rulings, the Final Pretrial Conference and the jury trial are **CANCELED** and will be reset at a later date. Defendant Vipin Shah's motion to that effect (Doc. 110) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:   November 7, 2018

*[signature]*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**